**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1105-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ZAINABU SILLAH,

     Defendant-Appellant.

_____

Argued October 2, 2024 – Decided October 18, 2024

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Municipal Appeal No. 2022-13.

Keith G. Napolitano, Jr., argued the cause for appellant (Levow DWI Law, PC, attorneys; Evan M. Levow, of counsel and on the brief; Keith G. Napolitano, Jr., on the brief).

Peter Rhinelander, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theresa L. Hilton, Acting Mercer County Prosecutor, attorney; Peter Rhinelander, of counsel and on the brief).

PER CURIAM

Defendant, Zainabu Sillah, appeals from a November 29, 2023 Law Division order denying her application for post-conviction relief (PCR) on de novo review of the municipal court's similar denial. We affirm.

I.

We glean the following pertinent facts and procedural history from the record. In both the municipal court and on appeal to the Law Division, defendant alleged ineffective assistance of plea counsel in connection with her February 2018 plea and conviction in Lawrence Township Municipal Court for driving while intoxicated (DWI), N.J.S.A. 39:4-50. She claims plea counsel failed to fully advise her of available defenses to the DWI charge, but the crux of her challenge centers upon her claims that plea counsel failed to explain or pursue a viable operation defense and, if so informed, she would not have pled guilty.

A. Plea Proceedings

Defendant's 2018 plea proceeding squarely addressed the operation issue. The hearing commenced with the prosecutor explaining to the court that the State perceived a potential risk at trial regarding the operation element of the DWI charge, causing the State to offer a favorable sentencing recommendation

A-1105-23

to defendant in exchange for a guilty plea.  The prosecutor disclosed that police never observed defendant driving, but instead encountered defendant in her stationary car parked "irregular[ly]" after receiving a call from a "good Samaritan."  Although never concluding or conceding that the State could not meet its burden as to operation at trial, the prosecutor recommended a reduced three-month period of mandatory license suspension[1] in exchange for defendant's plea to DWI, "[r]ather than the State roll the dice with that."  The court accepted the recommended resolution.

During her plea colloquy, defendant expressly confirmed the voluntariness of her plea and waiver of trial, assuring she was proceeding without force or compulsion.  She represented that she spoke to her counsel who answered all her questions.  She acknowledged her satisfaction with counsel's representation.

Responding to questions from her counsel, defendant admitted her intoxication on August 11, 2017, explaining that she drove to a party with the

---

[1] At the time of defendant's plea and prior to its amendment in 2019, N.J.S.A. 39:4-50 mandated imposition of three months' license suspension when a blood alcohol reading exceeded .08% but fell below .10%, N.J.S.A. 39:4-50(a)(1)(i) (amended 2019); however, readings of .10% or higher were subject to mandatory seven to twelve months' license suspension, N.J.S.A. 39:4-50(a)(1)(ii) (amended 2019).

A-1105-23

intention to consume alcohol, having secured in advance someone to drive her home who then left without her. Although defendant initially stated she was not driving, she subsequently agreed she could not recall parts of the evening. Questioning continued regarding the offense.

Counsel confirmed his prior discussions with defendant regarding her right to a trial and the State's burden to prove she drove while intoxicated. Specifically, this exchange between plea counsel and defendant followed:

> Q.  [W]e have reviewed all the evidence in this case, correct?
>
> A.  Yes.
>
> Q.  And I've explained to you we could have a trial today, but I also told you the evidence the State had to prove you were operating that motor vehicle, correct?
>
> A.  Yes.
>
> Q.  And even though you don't recall leaving the party, based upon the evidence where the vehicle was, where you were located, statements given, and all the review of the evidence, you're admitting that you operated the motor vehicle while intoxicated, correct?
>
> A.  Yes.

The court accepted the plea and turned to sentencing. Plea counsel reiterated that defendant planned to avoid driving, but after consuming alcohol, was left "in a compromised position by her friends, intoxicated, and in a position

4

now where she's in a courtroom." Plea counsel clarified that defendant "takes responsibility, and . . . has said . . . she shouldn't have been so intoxicated that night that others could influence what happened."

Speaking to the court on her own behalf, defendant addressed the court and agreed with plea counsel's representations. The court then imposed three months' license suspension, along with other mandatory fines and assessments. Defendant did not appeal her conviction.

B. PCR Proceedings

Four years later, defendant presented a verified PCR petition, unaccompanied by affidavit, certification, or any particularized facts concerning plea counsel's advice, and raised only a claim of ineffective assistance of plea counsel for "not fully advis[ing] [her] of defenses to the DWI charge." The municipal court found defendant's claims fell short of meeting the standard for relief or for an evidentiary hearing under Strickland v. Washington, 466 U.S. 668, 687-88 (1984), finding the allegations were bald assertions devoid of sufficient factual support of counsel's deficiency.

On de novo appeal to the Law Division, the PCR judge affirmed, similarly determining defendant's petition failed to establish either of Strickland's two requirements. After enumerating the law surrounding operation and reviewing

5

the plea proceeding, the PCR judge found the record reflected that defendant "discussed the case" with counsel, including "the issue of operation, the plea deal and consequences, and the evidence against her." Further, the judge cited to the lack of accompanying affidavit or certification and agreed that defendant's claims regarding both plea counsel's representation and resulting prejudice "were simply 'bald assertions' that [were] not supported by facts." As such, the PCR judge found no basis for an evidentiary hearing and no grounds for relief.

## II.

Defendant raised the following argument on appeal:

POINT I

HAVING ESTABLISHED A PRIMA FACIE CASE FOR INEFFECTIVE ASSISTANCE OF COUNSEL, AN EVIDENTIARY HEARING IS REQUIRED.

Here, defendant contends, again without elaboration, that she "was not fully advised of defenses to the DWI charge, including defenses to the [roadside] physical testing, and the breath testing defenses." She also asserts counsel failed to advise her regarding "a legitimate issue with respect to operation" entitling her to a hearing because "the transcript of the plea is not clear as to the circumstances of whether [defendant] was actually operating the motor vehicle at the time she was intoxicated" and she "denied operation numerous times

6

during her plea." As such, defendant claims she has established counsel's deficiency and "a reasonable probability that had the matter proceeded to trial, the outcome of the case would have been different because of the persistent and legitimate issue with respect to [her] operation of a motor vehicle."

## III.

An appellate court's review of a PCR court's legal conclusions is de novo. See State v. Harris, 181 N.J. 391, 416 (2004). "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburomi, 464 N.J. Super. 326, 338 (App Div. 2020). Regarding municipal appeals after de novo review by the Law Division, this court "consider[s] only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001); see also R. 3:23-8(a)(2).

## IV.

We consider these claims against the backdrop of well-settled standards governing claims of ineffective assistance of counsel. The United States Supreme Court in Strickland, 466 U.S. at 687, established a two-part test to determine whether a defendant has been deprived of the effective assistance of counsel, which the New Jersey Supreme Court adopted in State v. Fritz, 105 N.J.

7

42, 58 (1987), under New Jersey's Constitution. Failure to establish either Strickland requirement is fatal to PCR relief. Strickland, 466 U.S. at 700.

To satisfy the first prong, defendant must demonstrate counsel's performance was deficient and "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88. Defendants "must allege specific facts and evidence supporting [their] allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "[a]ny factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c); see also State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "Bald assertions" will not suffice. Cummings, 321 N.J. Super. at 170.

Further, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

A-1105-23

Under Strickland's second prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 694).  To show sufficient prejudice when a conviction results from a guilty plea, defendant must show a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial," State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); see also State v. Gaitan, 209 N.J. 339, 351 (2012), and that "a decision to reject the plea bargain would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

An evidentiary hearing need not be granted simply upon request for PCR, see Cummings, 321 N.J. Super. at 170, unless a defendant demonstrates its necessity to develop a sufficient factual record, see State v. Preciose, 129 N.J. 451, 462 (1992).

## V.

We first deny defendant's cursory claims that plea counsel failed to explore and discuss "defenses to the [roadside] physical testing, and the breath testing defenses."  Other than listing these two "defenses," defendant offers no

9

facts or details explaining how counsel was deficient or how such defenses were reasonably likely to lead to a more favorable result. See State v. O'Neal, 190 N.J. 601, 619 (2007) (counsel is not ineffective for failing to raise meritless claims or defenses). These quintessentially "bald" claims do not merit an evidentiary hearing or further discussion.

The remainder of defendant's PCR petition rests exclusively upon the contention that plea counsel did not explain "there was a valid operation issue[] [and] [w]ithout being able to establish operation in [defendant's] case, the State would not have been able to meet its burden of proof to convict her of . . . DWI." These unsupported assertions are insufficient to warrant relief or compel a hearing.

Preliminarily, we note the prosecutor never conceded the State could not prove operation at trial, indicating only that the State, without direct proof of operation, preferred not to "roll the dice." Importantly, N.J.S.A. 39:4-50(a) "actually makes no mention of 'driving' as a fact that must be proven in order to convict an individual of [the] offense." State v. Thompson, 462 N.J. Super. 370, 374 (App. Div. 2020). "Operation" can include "sitting or sleeping in a vehicle, with the engine running, even when the vehicle isn't in motion." Ibid. If evidence revealed that the defendant had intent to operate the vehicle, that could

also be considered "operation." Id. at 374-75 (citing State v. Tischio, 107 N.J. 504, 513 (1987)). Operation may also be established "by observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated." State v. Ebert, 377 N.J. Super. 1, 11 (App. Div. 2005) (holding that where the defendant's car was found parked in an unusual spot, the position of the defendant's car could be used as evidence that she had driven while under the influence of alcohol). Without defining the contours of the available defense or its strength, defendant has not established the probability of a more favorable outcome had the case proceeded to trial or that she would have reasonably foregone the reduced license suspension sentence and not pled guilty. See State v. Nuñez-Valdéz, 200 N.J. at 139. Thus, defendant fell short of showing prejudice.

Defendant has similarly failed to make the requisite showing that plea counsel's performance, shrouded in presumptive reasonableness, was deficient. Here, defendant framed her own petition narrowly and exclusively—without factual specificity—upon the singular claim that plea counsel was deficient in failing to discuss with her the available challenge to operation at trial. No fair reading of the plea and sentencing proceedings or record presented here supports that claim.

11

To the contrary, the plea record is replete with references to the "operation issue." The State announced it was recommending a lesser license suspension on that precise basis, disclosing that police did not observe defendant driving and listing some circumstantial operation evidence, which included defendant's presence in the driver's seat of her car, parked askew, in a location other than at the party where she claimed she became intoxicated. Defendant similarly acknowledged discussing operation, the plea, the State's proof, and her right to trial with counsel, assuring the voluntariness of her plea and her satisfaction with counsel.

Critically, counsel asked and defendant agreed, "I've explained to you we could have a trial today, but I also told you the evidence the State had to prove you were operating that motor vehicle, correct?" Accordingly, we need not look beyond the plea record to concur that defendant failed to establish her claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION